

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-19-00180-CV

**IN RE FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI11399
Honorable Karen H. Pozza, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: June 26, 2019

I concur in the majority's decision to grant relator Farmers Texas County Mutual Insurance Company's ("Farmers") petition for mandamus as it pertains to real party in interest Cassandra Longoria's breach of contract claim. Because I believe there can be no negligent failure to settle (or "*Stowers*") claim absent a judgment in excess of policy limits, however, I respectfully dissent from the majority's decision to deny the petition as it pertains to that claim.

### The *Stowers* Doctrine

Under the common law *Stowers* doctrine, when responding to settlement demands within policy limits, an insurer has a duty "to exercise 'that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business' . . . ." *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994) (quoting *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929)). A *Stowers* claim arises

when an "insurer's negligent failure to settle results in an excess judgment against the insured."

*Phillips v. Bramlett*, 288 S.W.3d 876, 879 (Tex. 2009).

To plead a *Stowers* claim, the insured must allege: "(1) the claim is within the scope of coverage; (2) a demand was made that was within policy limits; and (3) the demand was such that an ordinary, prudent insurer would have accepted it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." *Seger v. Yorkshire Ins. Co., Ltd.*, 503 S.W.3d 388, 395–96 (Tex. 2016). "When these conditions coincide and the insurer's negligent failure to settle results in an excess judgment against the insured, the insurer is liable under the *Stowers* Doctrine for the entire amount of the judgment, including that part exceeding the insured's policy limits." *Phillips*, 288 S.W.3d at 879. Therefore, to plead a *Stowers* claim, the insured must allege the three elements giving rise to a duty and *Stowers* damages, *i.e.*—the difference between an excess judgment and policy limits. *See id.*

### Analysis

Here, the parties' dispute concerns damages and whether Longoria's pleadings, "taken as true, together with inferences reasonably drawn from them, . . . entitle [Longoria] to the relief sought." *See* TEX. R. CIV. P. 91a.1. Farmers argues Longoria's failure to plead that any negligence on Farmers' part resulted in an excess judgment is fatal to Longoria's *Stowers* claim. In response, Longoria argues the existence of an excess judgment against the insured is not a required element of a *Stowers* claim.

While recognizing that *Stowers* damages may arise from a judgment in excess of policy limits, the majority concludes the precise question presented in this case is one of first impression. Specifically, the majority states no Texas court has determined "whether an insured has a *Stowers* cause of action against her insurance company when, as here, the case settles pre-trial and the

insured has paid a portion of the settlement because the insurer refused to pay the entirety of the settlement demand." Although it appears no Texas court has addressed the precise fact pattern at issue here, I do not believe this case presents a novel question of law. Applying supreme court precedent, I would hold the law is settled that there can be no *Stowers* liability absent a judgment in excess of policy limits, even under these circumstances.

The *Phillips* decision is instructive. 288 S.W.3d 876. In that case, the supreme court addressed the interplay between the *Stowers* doctrine and the statutory damages cap in a health care liability claim. *Id.* at 878–79. The court explained that where the statutory damages cap is less than the insurance policy limits, there can be no *Stowers* damages because there can be no excess judgment:

> [T]he *Stowers* Doctrine and the statutory cap both shield the insured physician from excess liability: the first from liability in excess of policy limits, the latter from liability in excess of the legislatively fixed cap. But because the cap limits damages without regard to insurance coverage, its application will always affect *Stowers* liability to some degree. When the cap is above the amount of insurance coverage, it will simply restrict *Stowers* liability. *When the cap falls below the amount of the policy, however, the cap will eliminate the possibility of any excess liability against the insured and, with that, any common-law claim under the* Stowers *Doctrine.*

*Id.* at 879 (emphasis added). In other words, there is no *Stowers* claim unless the insured is liable for an amount in excess of policy limits. The court emphasized that "excess liability" is "one critical element" of a *Stowers* claim. *Id.* While the *Phillips* majority did not state that an excess "judgment" is a critical element of a *Stowers* claim, it stands to reason there can be no *Stowers* liability without one because the insured has no legal obligation to pay anything absent a judgment.

Longoria, however, argues an insured may incur excess liability by way of a settlement within policy limits. According to Longoria, her alleged damages (which are undisputedly less than her $500,000 policy limits) are *Stowers* damages because she would not have incurred them but for Farmers' negligent mishandling of the underlying litigation, which she claims exposed her

to a potential judgment of up to $1 million. But the *Stowers* doctrine does not protect an insured against *potential* liability, nor does it protect an insured from incurring an excess judgment in the first place. Rather, it affords an insured a remedy in the event of an excess judgment. As the dissenting opinion in *Phillips* states, the purpose of the *Stowers* doctrine is "to afford the insured a safe harbor should its insurer unreasonably refuse to settle a claim within policy limits *and the insured thereafter suffer an excess judgment*." *Id.* at 884 (O'Neill, J., dissenting) (emphasis added).

Longoria also relies on the supreme court's decision in *Canal*, an equitable subrogation case involving excess insurance carriers. *See Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480 (Tex. 1992). In *Canal*, the primary carrier provided coverage up to $100,000 and handled the investigation and defense of a negligence case brought against the insured. *Id.* at 481. After the underlying case settled for $3.7 million, the two excess carriers brought suit against the primary carrier, alleging the primary carrier's mishandling of the litigation forced the excess carriers to pay the full settlement less the primary carrier's $100,000 contribution. *Id.* Answering a question of first impression in Texas, the supreme court held the excess carriers could assert an equitable subrogation action against the primary carrier. *Id.* at 483. The court explained its reasoning:

> [O]ur prior decisions in *Stowers* and *Ranger County* imposed clear duties on the primary carrier to protect the interests of the insured. The primary carrier should not be relieved of these obligations simply because the insured has separately contracted for excess coverage. In this situation, where the insured has little incentive to enforce the primary carrier's duties, the excess carrier should be permitted to do so through equitable subrogation.

*Id.* (internal citations omitted).

Unlike an insured, who has no legal duty to pay a settlement she has not consented to pay, excess carriers can be liable for the full amount of any settlement in excess of the primary carrier's policy limits. Therefore, for policy reasons, *Canal* created a narrow rule permitting an excess

carrier to assert a *Stowers* claim against a primary carrier even where the excess liability is the result of a settlement in lieu of a judgment. The *Canal* rule simply has no applicability where there is no excess coverage. But even if we were to read *Canal* as permitting an insured to bring a *Stowers* claim in the absence of an actual judgment, as Longoria encourages us to do, the *Canal* rule would not relieve the insured of the burden to plead damages in excess of the primary policy limits. Longoria has not done so here, nor can she, as the settlement she agreed to was within her policy limits.

Because Longoria did not plead the existence of a judgment in excess of policy limits, I would hold she failed to plead a viable *Stowers* claim and, therefore, the trial court clearly abused its discretion by denying Farmers' motion to dismiss the claim. Accordingly, I respectfully dissent from the majority's decision to deny the petition for mandamus as it pertains to Longoria's *Stowers* claim.

Sandee Bryan Marion, Chief Justice